UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

AMANDA HUFFMAN,                          §
                                        §
        Plaintiff,                      §
                                        §
vs.                                     §
                                        §    CASE NO.
                                        §
THE LINCOLN NATIONAL LIFE               §
INSURANCE COMPANY,                      §
                                        §
        Defendant.                      §

**NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1331, 1441, and 1446, defendant Lincoln National Life

Insurance Company hereby removes this case from the Second Judicial Circuit, Bernalillo County,

New Mexico, Cause No. D-202-CV-2022-05839, to the United States District Court for the

District of New Mexico. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and

29 U.S.C. § 1132(e) because this matter is governed by the Employee Retirement Income Security

Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq.

**I.      The Court Has Federal Question Jurisdiction Because The Plaintiff Seeks ERISA Relief**

This is a dispute over disability benefits. The plaintiff, Amanda Huffman, alleges that she

was covered under a short-term disability plan that was an "employee benefit." (Amended

Complaint at ¶ 4.) She alleges that subject matter jurisdiction exists under 29 U.S.C. § 1132.

(Amended Complaint at ¶ 3.) The cited statute is the civil enforcement section of the Employee

Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Accordingly, the

plaintiff acknowledges the applicability of, and invokes jurisdiction under, ERISA. Although the

plaintiff does not specify which section of ERISA she claims under, this Court has exclusive

jurisdiction over actions brought by a participant under ERISA § 502(a)(3), and concurrent jurisdiction over actions brought by a participant under ERISA § 502(a)(1)(B). 29 U.S.C. § 1132(e). Removal is appropriate because the plaintiff's claims arise under an employee welfare benefits plan and come within the scope of the exclusive mechanism of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

Even if the plaintiff did not specifically invoke ERISA, however, removal would be appropriate. The plaintiff seeks benefits under a plan established and maintained by her employer, for the purpose of providing short-term disability benefits to its employees. This meets the definition of an employee welfare benefit plan. 29 U.S.C. § 1002(1) (defining an employee welfare benefit plan as "any plan, fund, or program … established or maintained by an employer …, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries … benefits in the event of … disability …."). ERISA is an exception to the well-pleaded complaint rule. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987). Suits to enforce rights to benefits under an employee benefit plan are regarded as arising under ERISA regardless of how the plaintiff pleads them. *Id*.

## II.    The Removal is Timely

1.    The plaintiff filed her Complaint for Civil Damages in the Second Judicial Circuit, Bernalillo County, New Mexico on or about September 30, 2022. She filed an Amended Complaint on January 31, 2023.

2.    Lincoln was served with the Summons and Amended Complaint through the New Mexico Department of Insurance on February 6, 2023.

3.    Accordingly, this notice is timely under § 1446(b)(3). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that removal must be filed within 30 days of service of both the summons and the complaint).

**III.    Lincoln Has Met All Other Requirement For Removal**

1.    The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

2.    Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

3.    The Second Judicial Circuit, Bernalillo County, New Mexico is located within the District of New Mexico. Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. § 1441(a) because this is the "district and division embracing the place where such action is pending."

4.    In accordance with 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of Service, a copy of this Notice of Removal is being served upon counsel for the plaintiff and a copy is being filed with the Clerk of the Superior Court of Second Judicial Circuit, Bernalillo County, New Mexico.

5.    A copy of all process, pleadings, and orders served upon Lincoln are attached hereto as Exhibit 1.

**IV.    <u>Conclusion.</u>**

This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1331 and 29 U.S.C. § 1132(e). This action is properly removable to federal court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

In the event this Court has a question regarding the propriety of this Notice of Removal, Lincoln respectfully requests the Court to issue an Order to Show Cause so that Lincoln may have an opportunity to supplement a more detailed brief outlining the basis for this Removal.

WHEREFORE, Lincoln, through the filing of this Notice of Removal, the giving of written notice thereof to the plaintiff, and the filing of a copy of this Notice of Removal with the clerk of

the Second Judicial District State of New Mexico, Bernalillo County, effects the removal of said civil action to this Honorable Court.

RESPECTFULLY SUBMITTED this 2nd day of March 2023.

/s/  Ann-Martha Andrews
Ann-Martha Andrews, 148417
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
ann.andrews@ogletree.com
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
602-778-3700
602-778-3750 facsimile

DEFENDANT LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March 2023, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to registered participant. I further certify that a true and correct copy of the foregoing was emailed and mailed to:

Donald G. Gilpin
The Gilpin Law Firm, LLC
ggd48@aol.com
6757 Academy Road NE, Suite B
Albuquerque, NM  87109

/s/Ann-Martha Andrews
Ann-Martha Andrews

4